**FILED**

DEC 27 2017

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MARK HENZE,<br><br>Plaintiff,<br><br>v.<br><br>MIKE FERRITER; KELLY SPEER; GREG BUDD; STATE OF MONTANA; and DOES 1-10,<br><br>Defendants. | Cause No. 16-CV-107-CCL<br><br><br>**FIRST AMENDED SCHEDULING ORDER** |

Upon consideration of the Parties' Joint Motion to Amend Scheduling Order, and good cause appearing therefor,

IT IS HEREBY ORDERED that the following deadlines outlined in the Scheduling Order are amended as follows:

1. The following schedule will govern all further pretrial proceedings:

| | |
|---|---|
| Joint Status Report (*see* ¶ 11) | February 26, 2018 |
| Discovery Deadline | March 26, 2018 |

First Amended Scheduling Order  1

| | |
|---|---|
| Summary Judgment Motion Deadline | May 14, 2018 |
| Joint Motion to Court: Case Ready for Settlement Conference (*see* ¶ 11) | June 18, 2018 |
| Attorney Conference to Prepare proposed Final Pretrial Order | week of August 27, 2018 |
| Settlement Deadline: | September 10, 2018 |
| Lodge proposed Final Pretrial Order, Exhibits, Trial Briefs, & Jury Instructions | September 7, 2018 |
| Final Pretrial Conference | September 19, 2018<br>Monday, 9:30 a.m.<br>Courtroom II, Helena |
| Jury Trial | September 24, 2018<br>Monday, 9:30 a.m.<br>Courtroom II, Helena |

**Continuance of the above deadlines will not be granted, absent compelling reasons.** A continuance of any deadline set by this order does not extend any other deadline. Neither the date set for trial nor the date set to file motions will be altered or changed even if the Court authorizes any other date to be changed.

IT IS FURTHER ORDERED:

2. The parties have an affirmative obligation to supplement all discovery response, as necessary, throughout the course of the litigation.

3. The parties shall file written stipulations and shall include their stipulations in the Final Pretrial Order.

4. All dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph one. "Fully briefed" means that the brief in support, the response brief, and the reply brief (or notice that no reply brief will be filed) are all filed with the Court.

5. During the course of discovery, if counsel objects to either the foundation or

the authenticity of a particular document then counsel must make specific objection to opposing counsel in writing within a reasonable time after receiving the document. If a document is produced and the producing party objects either to the foundation or authenticity, the producing party shall so state, in writing, at the time of production.

6. The parties shall notify the Court immediately by joint written status report of significant problems in the progress of discovery. In addition, the parties shall file a joint written status report by **February 26, 2018**, notifying the Court of the current status of discovery.

7. Trial of this case shall be conducted in the U.S. Courthouse, Helena, Montana, before the Court sitting with a jury.

8. Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. Expert reports must satisfy the specific requirements of Rule 26(a)(2)(B), Fed. R. Civ. P. **An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even through the expert has been deposed.** In this regard, a treating physician is not considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis. If the treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery requirements of Rule 26(a)(2)(B).

9. Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure. Rule 26(a)(2), Fed. R. Civ. P.

10. Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is incomplete or incorrect, must be disclosed no later than ninety (90) days

before the date set for trial set forth in paragraph 1.

11. The parties may notify the Court by written motion on or before **June 18, 2018,** that the parties are ready for a settlement conference. The Court shall thereupon refer the case to a Magistrate Judge for settlement conference.

12. If the case does not settle, counsel for the plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, for the purpose of completing the Final Pretrial Order and to exchange exhibits and familiarize themselves with each others' proposed trial exhibits. See Local Rules 16.4(a) and 16.5(b). **Any objections to any exhibits or use of deposition testimony shall be included within the pretrial order, stating the grounds for the objections.** Except for objections to relevance, failure to disclose such an objection is a waiver of the objection. See Local Rule 16.5(b)(5). The Final Pretrial Order shall comply with the form prescribed in Local Rule 16.4. Witnesses listed shall be separated into two groups, indicating those who will testify and those who may be called if needed. The Final Pre-trial Order must comply with the provisions of Rule 26(a)(3), Fed. R. Civ. P. Pursuant to Local Rule 16.4(b)(5)-(6), the Final Pretrial Order shall contain a statement of case-specific legal contentions and defenses, specifying the elements of each claim or defense that a party intends to present at trial.

13. Once filed, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

14. Counsel for the parties shall appear before the Court for the final pretrial conference on the date and time set forth in paragraph 1.

15. Trial briefs are optional but if filed must be received by the Court on the date indicated in paragraph 1.

16. EXHIBITS

    (a) Exhibits are to be properly bound in a loose leaf binder and tabbed, and must be exchanged with opposing counsel prior to the final pretrial conference.

    (b) Each exhibit contained in the binders will bear an extended tab showing the number of the exhibit. The exhibit list must identify those

exhibits which the party expects to offer and those which the party may offer if the need arises. Rule 26(a)(3), Fed. R. Civ. P.

(c) During discovery, the exhibits shall be numbered seriatim. Numbers used for exhibits during discovery shall also be used at trial. Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiff using an agreed-upon range of arabic numbers and by defendant using different agreed-upon range of arabic numbers.

(d) Each exhibit document will be paginated, including any attachments thereto. Exhibits shall not be duplicated. An exhibit may be used by either of the parties.

(e) One copy of the original document exhibits shall be submitted for the exclusive use of the court, and will be contained in a binder. The binder shall be delivered to the chambers of Judge Lovell on the date set forth in paragraph 1 for the submission of the proposed Final Pretrial Order.

CALLING WITNESSES AT TRIAL:

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document providing the following information about the witness:

a) the full name and current address of the witness;
b) a brief description of the nature and substance of the witness's testimony;
c) date witness was deposed or statement taken;
d) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 28th day of December, 2017.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE