FILED

3/27/2019

Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

MARK HENZE,

Plaintiff,

vs.

STATE OF MONTANA,

Defendant.

CV 16–107–H–CCL

**ORDER**

Before the Court are Plaintiff's Motion in Limine Regarding Prior

Convictions (Doc. 38), Plaintiff's Affirmative Motion in Limine Re: Presentence

Investigation and Report (Doc. 40), Defendant State of Montana's Motion *in*

*Limine* (Doc. 36), Defendant State of Montana's Unopposed Motion to Withdraw

Certain Arguments Related to Pending Motions in Limine (Doc. 78), and

Defendant State of Montana's Motion for Leave to File a Motion for

Reconsideration. (Doc. 91). Each party has filed a Final Pretrial Conference

Memorandum (Docs. 80 and 87), which touches on some of the issues raised in

the pending motions. The Court has therefore reviewed those memoranda along

with the proposed final pretrial order and the briefs supporting the pending motions.

The Court indicated in its order granting in part the State's summary judgment motion that it would defer ruling on the motions in limine until the final pretrial conference. (Doc. 64 at 27, n. 4). The Court recently issued an order resetting the trial date for the second time, based on Plaintiff's inability to attend trial, and has determined that a ruling on the pending motions may assist the parties in preparing a revised final pretrial order.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). This Court "is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980). Some rulings on evidentiary issues should be deferred until trial, particularly issues involving the balancing of probative value and prejudice, as required by Fed. R. Evid. 403, which is incorporated in Fed. R. Evid. 609. *See United States v. Cook*,

608 F.2d 1175, 1186 (9th Cir.1979) (en banc), cert. denied, 444 U.S. 1034 (1980), overruled on other grounds in *Luce v. United States*, 469 U.S. 38 (1984). As explained by the United States Supreme Court in *Luce*, any pretrial ruling on a motion in limine "is subject to change" because new evidence may come in during trial necessitating a change in the ruling. *Luce*, 469 U.S. at 41.

## DISCUSSION

1.     Plaintiff's Motion in Limine Regarding Prior Convictions.

Although Defendant State of Montana has withdrawn its opposition to Plaintiff's Motion in Limine Regarding Prior Convictions (Doc. 78), the State argues in its Final Pretrial Conference Memorandum that "Defendant expects to offer evidence under Rule 608 that affects Henze's credibility, something clearly permissible." (Doc. 80 at 7). The State also references Rule 609, indicating that it may attempt to impeach Plaintiff by asking about his prior felony conviction. Although Plaintiff's prior felony conviction is admissible under Fed. R. Evid. 609(a)(1)(A) to impeach Plaintiff, its admission is subject to Rule 403, which requires the Court to balance the probative value of the evidence against its prejudicial effect.

Given the nature of the underlying offense and the State's withdrawal of its

opposition to Plaintiff's motion, the Court agrees that the State should not be

allowed to affirmatively refer to Plaintiff's prior conviction. Plaintiff's motion in

limine is granted as follows: while the State may cross-examine Plaintiff as to

whether he has a prior felony conviction, the State may not ask Plaintiff for details

about his crime and may not mention the nature of the crime.

2.     Plaintiff's Affirmative Motion in Limine Re: Presentence
      Investigation and Report.

Prior to the Court's summary judgment ruling, Plaintiff moved for a pretrial

Order "permitting him to present evidence, elicit testimony, and to otherwise argue

to the jury about certain content in his Pre-Sentence Investigation Report dated

January 19, 2011." (Doc. 41 at 1). The only information in the Pre-Sentence

Investigation Report that Plaintiff wants to go to the jury is the following

paragraph contained in the Comments portion of the document: **"HEALTH:**

Defendant reports his health is good but was born with ornithine transcarbamylase

deficiency or OTC. Defendant states his OTC is controlled with a low-protein diet

and is not on any medication for this disease. He was treated for OTC by Janet A.

Thomas, M.D., from Denver, Colorado. Defendant reports needing some dental work." (Doc. 71 -23, Plaintiffs' Proposed Exhibit 42, at 6).

Plaintiff contends that this information is relevant to his common law negligence claim against the State because "[w]hether the State, via its employees, knew or should have known about Mr. Henze's serious medical condition is an important issue of fact that impacts foreseeability." (Doc. 56 at 4).

Mr. Henze is correct that to prove his negligence case against the State, he likely needs to prove that at least one State employee (other than medical professionals or nutritionists) knew that he had a serious medical condition as part of proving that the State was negligent. Simply introducing evidence that the information was in Mr. Henze's Pre-Sentence Investigation Report will not satisfy that burden because it seems unlikely that every employee who encountered Mr. Henze while he was incarcerated was privy to his Pre-Sentence Investigation Report. Plaintiff's counsel is free to ask the various employees who dealt with Mr. Henze whether they had access to and reviewed the Pre-Sentence Investigation Report before the employee committed the alleged act or omission that forms the basis of Mr. Henze's claim. At this point, Mr. Henze has not presented a sufficient

basis to overcome the State's objection to his presenting the highly redacted version of the Pre-Sentence Investigation Report, Plaintiff's Proposed Ex. 42, at trial.

3.  Defendant State of Montana's Motions *in Limine*.

    (1)  Testimony of Plaintiff's treating doctors outside care, treatment and prognosis.

The State contends that the testimony of Mr. Henze's former treating doctors should be limited to their care, treatment and prognosis, even though they were identified as expert witnesses, because they did not submit expert reports. (Doc. 37 at 2). Plaintiff responds that the expert report requirement of Fed. R. Civ. P. 26(b)(2)(B) does not apply to his treating physicians because they "were not 'retained or specially employed to provide expert testimony' in this case" and are "clearly entitled to testify consistent with their own records as well as the nature of the care and treatment rendered to the Plaintiff, their diagnosis and, notably, their prognoses regarding the Plaintiff, as Defendants acknowledge." (Doc. 53 at 7).

The Court agrees with Mr. Henze that failure to submit an expert report does not automatically warrant exclusion of expert testimony by a non-retained expert witness. Although a party is required to make a disclosure about the testimony of witnesses who are not "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee [do not] regularly involve giving expert testimony" (Fed. R. Civ. P. 26(a)(2)(B)), such witnesses are not normally required to provide a written report. (Fed. R. Civ. P. 26(a)(2)(C)). The State took advantage of Rule 26(a)(2)(C) by identifying six state employees as "hybrid witnesses" in its own expert disclosure. (Doc. 33-35).

The United States District Court for the District of Montana recognizes that, as a general rule, treatment providers are retained to provide treatment, not to provide expert testimony, and are therefore exempt from the report requirement of Fed. R. Civ. P. 26(a)(2)(B). *Munter v. Schmidt*, 2018 WL 4855460, * 1 (D. Mont. Oct. 5, 2018)(citing *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 819 (9ᵗʰ Cir. 2011). The Court does, however, require a party to provide a written report when that party seeks to offer testimony from a treatment provider that goes beyond care, treatment and prognosis. *See Cintron v. Title Financial Corp.*, 2018 WL 6605901 at * 6 (D. Mont. Dec. 17, 2018)(quoting from a previous order requiring full compliance with the discovery requirements of Fed. R. Civ. P.

26(a)(2)(B) if a "treating physician's testimony goes beyond care, treatment and prognosis"); *see also Mears v. Safeco Ins. Co. of Illinois*, 888 F.Supp.2d 1048, 1055 (D. Mont. 2012), aff'd, 572 Fed. Appx. 503 (9th Cir. 2014) (unpublished) (stating "Where a party uses a treating physician to render expert testimony beyond the scope of the treatment rendered, and the physician considers information he did not review during the course of treatment, Rule 26(a)(2)(B) requires disclosure of written reports.")

This Court clarified the issue as to when a treatment provider must comply with Fed. R. Civ. P. 26(a)(2)(B) in its preliminary scheduling order in this case: "In this regard, a treating physician is not considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis. If the treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery requirements of Rule 26(a)(2)(B)." (Doc. 13 at 4, ¶ 8). This language is consistent with controlling Ninth Circuit law, which provides: "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Goodman* 644 F.3d at 826.

Plaintiff identified three of his treatment providers (Dr. Yang, Dr. Smelko, and Dr. Schimpff) as liability experts in his expert disclosure and stated that their

facts and opinions were contained in medical records provided to Defendants. Plaintiff disclosed three additional treatment providers (Dr. Thomas, Dr. McIsaac, and Dr. Catalanello) as damages experts whose facts and opinions were contained in medical records previously provided to Defendants. (Doc. 33-34).

Based on its review of Plaintiff's expert disclosures and the medical records and deposition transcripts provided by both parties in support of and opposition to Defendants' motion for summary judgment, the Court concluded that Mr. Henze's treating physicians could not testify as to the standard of care for health care providers or nutritionists employed by the State of Montana because his disclosures regarding those "hybrid" experts did not include their opinions or anticipated testimony regarding the applicable standard of care or breach of that standard for state employees at Montana State Prison (MSP) or Treasure State Correctional Training Center (TSCTC or Boot Camp). (Doc. 64 at 14 and 26). Such evidence is no longer relevant, given that the Court granted summary judgment as to Count III of Plaintiff's First Amended Complaint (the failure to supervise and train claim) and the second Count IV of Plaintiff's First Amended Complaint (the negligence claim based on failure by health care providers and nutritionists to comply with the applicable standard of care). (Doc. 64 at 25 - 26 and 29).

Defendant's motion in limine to exclude testimony of Plaintiff's treating

doctors outside their care, treatment and prognosis of Plaintiff as revealed in their

treatment records is granted. Plaintiff's treatment providers may testify as to the

opinions they formed during Plaintiff's treatment regarding causation, the need for

future treatment, and the severity of Plaintiff's injury to the extent that his medical

records support those opinions and those records were disclosed to the State

during discovery. Although Plaintiff's treatment providers "are not constrained to

the literal words of [Plaintiff's] medical records," they cannot render opinions on

causation, the need for future treatment, and the severity of Plaintiff's injury "if

those opinions are not even implicitly supported by [Plaintiff's] medical records.

*Munter v. Schmidt*, 2018 WL 4855460, * 1 (D. Mont. Oct. 5, 2018).

Three of Plaintiff's treatment providers who were disclosed by Plaintiff as

non-retained experts will be appearing via pre-existing video of their depositions

and the parties have provided the Court with transcript designations, counter-

designations and objections. To allow the parties time to edit those video

depositions prior to trial, the Court has reviewed those designations and rules as

follows on the parties' objections.

### Samuel P. Yang, M.D.

1.    Defendant's objection to 19:24 through 22:22 is sustained.

2. Defendant's objection to 43:7 - 24 is sustained.

3. Defendant's objection to 54:9 - 17 is sustained.

4. Defendant's objection to 56:17 - 19 is overruled.

5. Defendant's objection to 56:20 through 59:25 is sustained.

6. Defendant's objections to 61:21 through 70:08 and to 70:15 through 72:3 are sustained. Lines 9 through 14 on page 70 should also be redacted from the video.

7. Defendant's objection to 76:15 - 25 is sustained.

8. Defendant's objection to 78:10 - 19 is overruled.

9. Plaintiff's objections to 88:13 - 21 is sustained.

10. Plaintiff's objection to 94: 15 - 19 is sustained.

11. Defendant's objection to 94:23 through 95:13 is overruled.

12. Defendant's objection to 96:7 through 97:4 is overruled.

13. Defendant's objection to 99:7 through 100:5 is overruled.

14. Defendant's objection to 101:17 through 102:6 is overruled.

Jason McIsaac, M.D.

1. Defendant's objection to 23:18 – 23 is sustained.

2. Plaintiff's objections to 44:23 through 45:16 and 46:18 through 47:10 are overruled.

3. Plaintiff's objection to 51:1 – 20 is sustained.

4. Defendant's objection to 52:3 through 53:7 is sustained.

5. Defendant's objection to 53:18 through 58:24 is sustained.

Janet A. Thomas, M.D.

1. Defendant's objection to 14:4 – 20 is overruled.

2. Defendant's objection to 14:21 through 15:25 is overruled.

3. Defendant's objection to 23:10 through 25:22 is sustained.

4. Plaintiff's objection to 41:8 – 16 is sustained.

5. Plaintiff's objection to 46:11 through 47:17 is sustained.

6. Defendant's objection to 47:10 – 24 is sustained.

7. Defendant's objection to 55:2 through 60:1 is overruled.

(2) Evidence, argument or reference to a "permanent" or "incurable brain injury.

Plaintiff plans to produce evidence at trial from various medical providers who treated him during 2012 and 2013 and formed the opinion that he had more probably than not suffered a permanent brain injury due to the negligence of various individuals employed by the Department of Corrections of the State of Montana. (Doc. 53 at 9). Defendant seeks to exclude these opinions because Plaintiff "neither quotes nor cites any testimony or opinion where one of his physicians offered that opinion." (Doc. 59 at 5).

As explained above, Plaintiff disclosed six treatment providers as damages experts whose facts and opinions were contained in medical records previously provided to Defendants. (Doc. 33-34). Five of those providers are listed on Plaintiff's witness list and, as of September 7, 2018, Plaintiff intended to call two of those providers (Dr. Schimpff and Dr. Smelko) live at trial. It would be premature for the Court to rule on this issue before hearing the evidence and this portion of the State's motion in limine is therefore denied.

> (3) Evidence, argument or reference to allegedly negligent acts or omissions occurring outside the limitations period.

The State has withdrawn this argument. (Doc. 78). This portion of the State's motion in limine is therefore denied as moot.

> (4) Evidence, argument or reference to allegedly negligent acts or omissions after December 19, 2012.

In its order granting partial summary judgment in favor of Defendant State of Montana, the Court held that Mr. Henze had established genuine issues of material fact as to whether unidentified State employees, other than health care professionals and nutritionists, breached a duty owed to him by failing to respond appropriately when he complained that he was ill and that Mr. Henze could proceed to trial solely on that issue. (Doc. 64 at 27). The Court specifically left the issue of whether Mr. Henze would be allowed to present testimony regarding

events that occurred after December 19, 2012 undecided, noting that the issue would be addressed with the parties' motions in limine. (Doc. 64 at 27 and n. 4).

Defendant argues in its Final Pretrial Conference Memorandum that Plaintiff's "sole remaining claim is to be found in the first Count IV of Henze's First Amended Complaint and is properly characterized as containing Henze's allegations that 'the State is liable for the reckless and grossly negligent conduct of the boot camp employees who subjected him to extreme physical demands and served him with a high protein diet despite his well-documented and serious medical condition.'" (Doc. 80 at 2 quoting Doc. 64 at 22). Based on conversations with Plaintiff's counsel, Defendant has concluded that Plaintiff intends to "focus on actions of guards at MSP who saw what Henze claims to be 'seizures' and did not regard them as real, thus allegedly causing him harm." (Doc. 80 at 3). Defendant argues that this evidence should not be admitted because there are no allegations in Count IV against anyone other than boot camp employees and Plaintiff has not disclosed an expert prepared to opine on the standard of care for correctional officers. On February 19, 2019, Defendant filed a Motion for Leave to File a Motion for Reconsideration on the grounds that Plaintiff "has attempted to change his claims against the State in the wake of" the Court's September 6, 2018 Opinion and Order. (Doc. 91).

Plaintiff filed his Pretrial Conference Memorandum on September 18, 2018, the day after Defendant filed its Memorandum. In his Memorandum, Plaintiff points out that Count IV expressly incorporated the preceding allegations of his First Amended Complaint, which include references to MSP staff. (Doc. 87 at 5 - 6, citing to First Amended Complaint (Doc. 19) at ¶¶ 6, 75 and 153). Plaintiff also points to contentions in the Proposed Final Pretrial Order, which was submitted on September 7, 2018, that he claims support his position that "Count IV unequivocally alleges negligent conduct against MSP staff" for which Defendant State of Montana is vicariously liable. (Doc. 87 at 6, citing Doc. 68).

It is not clear to the Court why Defendant waited five months after getting Plaintiff's Pretrial Conference Memorandum to file its Motion for Leave to File a Motion for Reconsideration. Regardless of the timing of the filing, this issue has been adequately covered, and there is no need for further briefing. Defendant's Motion for Leave to File a Motion for Reconsideration is denied.

The Court agrees with Plaintiff that its First Amended Complaint contains allegations regarding events at MSP after December 19, 2012, that are relevant to Count IV of Plaintiff's Amended Complaint. The Court rejected Defendant's argument that Plaintiff needed expert testimony to establish that State employees, other than health care professionals and nutritionists, failed to respond

appropriately when Plaintiff complained that he was ill. (Doc. 64 at 27). To the extent that this issue requires further clarification, the Court was referring to individuals employed by the State at both boot camp and MSP who actually observed Plaintiff. This portion of the State's motion in limine is therefore denied.

It appears to the Court that this issue could have been avoided had Plaintiff named all of the staff members who allegedly wronged him in his First Amended Complaint, rather than generally referring to boot camp and MSP staff and naming John Doe defendants. John Doe should only be used to identify a defendant to the extent necessary to allow a plaintiff to conduct the discovery necessary to identify the defendants whose identity is unknown. *Gillespie v. Civiletti*, 629 F.2d 637 642 (9th Cir. 1980). Discovery in this case closed on April 30, 2018. (Doc. 24).

Given Plaintiff's failure to move to amend his complaint, the Court determined that the John Doe defendants should be dismissed and entered an order to that effect on March 5, 2019. (Doc. 93). To the extent that Plaintiff seeks to hold Defendant State of Montana vicariously liable for the conduct of current and former State employees, Plaintiff shall identify those employees by name in Section I (a) of the revised Final Pretrial Order, rather than referring generally to State employees. Plaintiff shall also indicate the position that those employees

held when the alleged acts or omissions occurred, and is reminded that the Court has dismissed any claim based on acts or omissions by health care professionals or nutritionists.

> (5) Evidence, argument or reference to "other acts" including prior incidents or complaints at TSCTC or MSP, Dr. Tristan Kohut's termination or other inmate complaints against Dr. Kohut.

Plaintiff initially sought to introduce evidence that Dr. Kohut, formerly a physician employed by the State at MSP, has been sued multiple times on the grounds that this evidence indicates that "Ferriter, Speer and the State itself had notice and actual knowledge that there was a wholesale failure at MSP and the Boot Camp on the part of supervisors to ensure that inmates were receiving constitutionally mandated medical care." (Doc. 53 at 14). The Court has dismissed Plaintiff's constitutional claims against Ferriter and Speer and has dismissed the claims based on failure to provide adequate medical care. This evidence is no longer relevant and this portion of the State's motion in limine is therefore granted.

Plaintiff identified Dr. Kohut as a "will call" witness and designated portions of his deposition to be read to the jury. Defendant identified Dr. Kohut as a "may call" witness and provided objections and cross-designations. The Court has reviewed those designations and rules as follows on the parties' objections.

1.   Defendant's objection to 10:24 through 11:13 is sustained.

2.   Plaintiff's objection to 60:21 through 61:2 is overruled.

3.   Defendant's objection to 73:19 through 74:12 is sustained.

4.   Defendant's objection to 76:16 – 19 is sustained.

5.   Defendant's objection to 77:10 through 78:11 is sustained.

6.   Defendant's objection to 79:6 – 12 is sustained.

7.   Defendant's objection to 79:18 – 22 is sustained.

8.   Defendant's objection to 80:2 – 6 is sustained.

9.   Plaintiff's objection to 86:24 through 88:7 is  sustained.

10.   Plaintiff's objection to 88:14 – 19 is  sustained.

11.   Plaintiff's objection to 90:5 through 91:20 is  sustained.

12.   Plaintiff's objection to 96:5 – 15 is  sustained.

13.   Defendant's objection to 99:19 through 100:8 is overruled.

14.   Defendant's objection to 104:6 through 105:22 is overruled.

15.   Defendant's objection to 106:7 – 16 is overruled.

16.   Defendant's objection to 107:20 through 108:2 is overruled.

17.   Defendant's objection to 110:1 – 9 is overruled.

18.   Plaintiff's objection to 119:4 through 120:13 is sustained.

19.   Plaintiff's objection to 128:14 – 16 is sustained.

20.   Defendant's objection to 131:13 through 132:20 is sustained.

21.   Defendant's objection to 132:21 through 133:23 is sustained.

22.   Plaintiff's objection to 133:24 through 134:11 is sustained.

23.   Plaintiff's objection to 135:5 – 13 is sustained.

24.   Plaintiff's objection to 136:1 through 137:13 is sustained.

25.   Plaintiff's objection to 137:22 through 138:2 is sustained.

26.   Defendant's objection to 138:9 – 22 is sustained.

27.   Plaintiff's objection to 146:1 – 19 is sustained.

28.   Plaintiff's objection to 150:24 through 151:15 is sustained.

29.   Defendant's objection to 167:5 – 17 is sustained.

30.   Plaintiff's objection to 194:24 through 195:7 is sustained.

31.   Defendant's objection to 206:22 through 207:25 is overruled.

32.   Plaintiff's objection to 213:2 – 25 is sustained as to lines 7 through 25 and overruled as to lines 2 through 6.

33.   Plaintiff's objection to 215:19 through 216:23 is overruled.

34.   Defendant's objection to 227:18 through 228:15 is sustained.

35.   Plaintiff's objection to 236:20 through 239:10 is sustained.

36.   Defendant's objection to 242:15 through 244:21 is overruled.

37.   Defendant's objection to 245:22 through 246:22 is overruled.

38. Defendant's objection to 259:20 through 261:23 is sustained.

39. Defendant's objection to 267:20 – 25 is overruled.

40. Defendant's objection to 268:19 through 269:20 is overruled.

41. Defendant's objection to 272:20 through 273:2 is overruled.

42. Defendant's objection to 275:1 – 11 is overruled.

43. Defendant's objection to 277:7 through 278:11 is overruled.

44. Defendant's objection to 280:5 – 18 is overruled.

45. Plaintiff's objection to 280:19 through 282:20 is overruled.

46. Defendant's objection to 284:5 – 14 is overruled.

47. Defendant's objection to 285:19 – 25 is overruled.

48. Plaintiff's objection to 286:1 – 3 is overruled.

49. Defendant's objection to 286:23 through 289:10 is sustained.

50. Defendant's objection to 289:14 through 290:7 is overruled.

51. Defendant's objection to 295:8 – 11 is overruled.

52. Defendant's objection to 295:21 through 296:2 is overruled.

53. Plaintiff's objection to 300:5 – 16 is overruled.

54. Plaintiff's objection to 302:20 is overruled.

55. Defendant's objection to 303:18 through 304:1 is overruled.

56. Plaintiff's objection to 304:2 – 11 is sustained.

57.    Defendant's objection to 306:11 – 24 is overruled.

58.    Plaintiff's objection to 307:7 through 308:19 is overruled.

59.    Plaintiff's objection to 350:13 – 16 is overruled.

60.    Defendant's objection to 363:15 – 24 is sustained.

61.    Defendant's objection to 364:12 – 17 is sustained.

62.    Defendant's objection to 365:3 – 22 is sustained.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine Regarding

Prior Convictions (Doc. 38) is GRANTED and Plaintiff's Affirmative Motion in

Limine Re: Presentence Investigation and Report (Doc. 40) is DENIED.

**IT IS FURTHER ORDERED** that Defendant State of Montana's

Unopposed Motion to Withdraw Certain Arguments Related to Pending Motions

in Limine (Doc. 78) is GRANTED and Defendant State of Montana's Motion for

Leave to File a Motion for Reconsideration (Doc. 91) is DENIED.

**IT IS FURTHER ORDERED** that Defendant State of Montana's Motion

*in Limine* (Doc. 36) is GRANTED in part and DENIED in part as set forth above

in Section 3, starting on page 6.

It appears likely that this case will go to the jury. If there are to be further

settlement negotiations, please do this sooner rather than later. I intend to empanel

a jury of six members plus one alternate. If the parties so stipulate when the case is submitted, the seventh juror may be allowed to deliberate, otherwise to be released.

Dated this 27th day of March, 2019.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE